IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES H. FISHER, #C-77977 | § | |
| VS. | § | CIVIL ACTION NO. 6:18cv083 |
| MATTHEW N. MADLOCK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James H. Fisher, an inmate currently confined in the California Department of Corrections, filed the above-styled and numbered lawsuit pursuant to 28 U.S.C. § 1332[1] against Texas residents Matthew N. Madlock and Denise Walker. This lawsuit was referred for findings of fact, conclusions of law, and recommendations for the disposition of the lawsuit.

Plaintiff's Claims

The Court received Plaintiff's Original Complaint on February 23, 2018. Plaintiff, however, specified that he placed the complaint in the prison mailing system on February 14, 2018. (Dkt. #1, p. 6). The complaint is deemed filed on February 14, 2018, in accordance with the prison "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

In his complaint, Plaintiff states that he owns two adjacent pieces of property in Smith County, Texas, off of County Road 25, consisting of 7.009 acres (6.009 acres + 1.0 acres). The joint fair market value of these two pieces of property is $58,551 in 2021 according to the Smith

---

[1] "The general-diversity statute, § 1332(a), authorizes federal court jurisdiction over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 61 (1996); 28 U.S.C. § 1332(a).

1

County Appraisal District.[2] Plaintiff states that these properties were deeded to him by his mother, the now deceased Eloise D. Nance. (Dkt. #60-1, pp. 1-7).

Plaintiff contends that in 2014, Defendant Madlock contacted him and wanted to purchase 60 feet (or approximately 2.003 acres) of his land from the 6.009-acre tract to build a road. Defendant Madlock admitted that he had built his house on the easement of the properties and needed to build a road on the 60 feet of land that he wanted to purchase from Plaintiff. Defendant Madlock further indicated that he wanted to purchase the property so that his daughter and son could join him on the property to be a part of his business. Plaintiff declined to sell the property.

Later, Defendant Madlock told Plaintiff that he had purchased .2 acres of land from Eloise D. Nance, Plaintiff's mother, before she passed away in 2007. Plaintiff demanded to see the receipt and Bill of Sale from the alleged purchase of the land. Defendant Walker failed to produce the documentation. Plaintiff asserts that Defendant Walker built a road on his property without his permission and stole his property.

In 2016, Defendant Walker wrote a letter to Plaintiff indicating that she was Defendant Madlock's business partner and confirming that Defendants Madlock and Walker were operating a business. At some point after that, Defendant Madlock wrote Plaintiff wanting to harvest the timber on Plaintiff's property. Defendant Madlock represented that $7,000 could be easily obtained from the sale of the timber on Plaintiff's land. Plaintiff gave his permission for Defendant Madlock to collect estimates from timber companies and to send the estimates to him.

---

[2] https://www.smithcad.org/Search/PropertySearch.html; Owner: Eloise D. Nance; Accounts 100000080001050200 and 100000080001050070; last visited February 4, 2022.

Plaintiff states that on March 16, 2016, he received a letter from Defendant Madlock stating that Defendant had received the money from cutting the timber on Plaintiff's land and that he only received $480. Plaintiff states that he never received the estimates and did not give permission for the timber on his land to be cut.

Plaintiff seeks compensatory damages in the amount of $22,000 for the damage, fraud, and pain and suffering, plus $500 per month for the use or rent of his property and the nonpayment of taxes for the use of the property. (Dkt. #1, p. 7). He asserts that the $500 per month is with interest compounded over 24-months, which comes to an additional $12,000. Plaintiff is presumed to seek damages from the defendants jointly and severally.

Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, having "only the authority endowed by the Constitution and that conferred by Congress." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981); *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts must "constantly examine the basis of jurisdiction," *sua sponte* if necessary, because without jurisdiction the court cannot proceed and must dismiss the action. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Federal jurisdiction properly lies in civil cases that arise under the Constitution, laws, or treaties of the United States, as well as in civil cases in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28

U.S.C. §§ 1331, 1332. As this action was filed in federal court on the basis of diversity jurisdiction, the Court must determine whether the amount in controversy requirement is met.

For purposes of diversity jurisdiction, the amount in controversy is usually determined by the sum sought in good faith on the face of the plaintiff's complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). To justify dismissal for failure to meet the amount in controversy requirement, "it must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount." *St. Paul Mercury*, 303 U.S. at 289 (emphasis added). "[U]nless the law gives a different rule," said the *St. Paul Mercury* Court, "the sum claimed by the plaintiff controls." *Id.* at 288.

Notwithstanding the general application of *St. Paul Mercury's* "legal certainty" test, there are circumstances in which the test is inapposite or inapplicable. So, for example, "bare allegations" of jurisdictional facts, *e.g.*, the requisite amount in controversy, are insufficient to invest a federal court with jurisdiction. *St. Paul Reinsurance*, 134 F.3d at 1253. More fundamentally, the legal certainty test is tempered by the long-established principle that "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *Id.; see McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ("The authority which [28 U.S. § 1332] vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment...."). The Fifth Circuit has repeatedly and explicitly held that a plaintiff filing in federal court constantly bears the burden of proof that jurisdiction does in fact exist. *Celestine v. Transwood, Inc.*, 467 F.

App'x 317, 318 (5th Cir. 2012); *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

The party invoking federal court jurisdiction may satisfy his burden by a preponderance of the evidence establishing that the amount in controversy exceeds the jurisdictional threshold. *St. Paul Reinsurance*, 134 F.3d at 1253 n.13 (stating that the test is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]"). After examining the face of the complaint for a definite statement of the value of relief sought, the court may then turn to "summary judgment-type" evidence to ascertain the amount in controversy. *Id.* at 1253. Merely speculative valuation of a claim does not constitute satisfactory evidence of the amount in controversy and will not satisfy *St. Paul Reinsurance's* more-likely-than-not test. *See, e.g., Brooks v. Wells Fargo Bank, N.A.*, No. 3:15-CV-245, 2015 WL 390674, at *3–4 (N.D. Tex. Jan. 29, 2015) (finding that party invoking federal court jurisdiction had not met its burden by speculating that the value of the claim met the amount in controversy requirement).

<u>Discussion and Analysis</u>

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Diversity jurisdiction requires that no defendant is a citizen of the same state as any plaintiff. Based on the record and the representations in the pleadings, there is no dispute that there is complete diversity of citizenship between Plaintiff and Defendants.

To determine whether the amount in controversy has been met, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if

the claim is apparently made in good faith.'" *St. Paul Reinsurance Co.,* 134 F.3d at 1253 n.6. Bare allegations of jurisdictional facts are not enough to grant a federal court jurisdiction. *Id.* The burden of establishing subject matter jurisdiction lies with the party wishing to invoke it. *Id*

Furthermore, when ascertaining whether it has jurisdiction, "'the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Global Grp.,* 541 U.S. 567, 570 (2004) *(quoting Mollan v. Torrance,* 9 Wheat. 537, 539 (1824). "[F]or purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events." *Hall v. Earthlink Network, Inc.,* 396 F.3d 500, 506 (2d Cir. 2005) *(referring to St. Paul Mercury Indemnity Co.,* 303 U.S. at 289–90) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.").

Accordingly, the only issue before the Court is whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved. For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *Id.* at 1253; *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865 (1995).

Plaintiff seeks compensatory damages in the amount of $22,000 and $500 per month for the use or rent of his property from March 16, 2016, to February 14, 2018—the date of the filing of his complaint. The amount of rent or use during the time period would be approximately $12,000. The total amount sought in damages is $34,000 ($22,000 + $12,000). This amount is well below the required minimum amount in controversy of $75,000. Plaintiff has not established the

jurisdictional minimum and consequently has not established subject matter jurisdiction. The Court, therefore, lacks subject matter jurisdiction over this action.

## Recommendation

It is therefore recommended that this lawsuit (Dkt. #1) be dismissed without prejudice for lack of subject matter jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 2nd day of November, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE